## JOHN E. RICE *v.* WASH. DENTLY.

Witnesses—Restrictions to Number Allowed to Testify—Indemnity of Property.

> Before the introduction of testimony in the case at bar, the court announced in substance that the number of witnesses on each side as to the indentity of the animal in dispute would be restricted to three. The plaintiff, after examining several other witnesses, offered to prove by one Wells, and others, facts conducing to identify the mare in controversy as one which he owned and had in November 1863, but on objection of defendant, the court refused to permit the witness to testify. Held, that the court was not authorized to restrain the examination of the witnesses, as the identity of the property in controversy may be determined from various facts and circumstances, some of which might be proven by one witness and some by another.

APPEAL FROM BATH CIRCUIT COURT.

July 2, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

Before the introduction of testimony in this case the court announced in substance that the number of witnesses on each side as to the identity of the animal in dispute would be restricted to three, and in the progress of the trial, the plaintiff after examining certain other witnesses as to facts conducing to identify the mare in controversy as one which he owned and had in November, 1863, but on the objection of the defendant the court refused to permit the witnesses to be examined. This ruling of the court was erroneous, according to the opinion of this Court in the case of Kach vs. Richust decided in 1866, in which it was held that as the identity of the thing in controversy may be determined from various facts and circumstances some of which might be proved by one witness

and some by another, it was erroneous to restrict the number of witnesses proving facts so tending to identify the property to three on each side.

The court was not authorized to do so in this case, either by its general discretionary power to restrain the examination of witnesses within reasonable limits, nor by the existing statutory restrictions as to the taxation of costs.

Wherefore, the judgment is reversed and the cause remanded for a new trial and for further proceedings not inconsistent with this opinion.

*Gudgell, for appellant.*